Filed 7/23/26  Renn v. Renn CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| KERRY RENN,<br>        Plaintiff and Appellant,<br><br>        v.<br><br>KURTIS RENN, as Trustee, etc.,<br>        Defendant and Respondent. | C104090<br><br>(Super. Ct. No. 24PR001433) |

In connection with a living trust that their mother created before she died, Kerry Renn (plaintiff) filed a verified petition in Sacramento County Superior Court (the petition) alleging that his brother Kurtis Renn (respondent) breached his fiduciary duty as trustee of the trust that named the two brothers as beneficiaries.  Respondent asserted venue was proper in Santa Cruz County.  The probate court agreed with respondent and dismissed the petition for improper venue.  On appeal, plaintiff contends the probate court erred by (1) dismissing the petition without prior notice that it was considering dismissal and (2) dismissing the petition instead of transferring it to Santa Cruz County Superior Court.  We agree with plaintiff that the probate court erred by dismissing the petition.

1

BACKGROUND

In the petition he filed in May 2024, plaintiff claimed that respondent favored his own interests over plaintiff's when administering the trust and asserted that Sacramento County was the proper venue for the matter because that was where respondent resided and conducted the day-to-day activities of the trust. In December 2024, respondent filed a verified document entitled "OBJECTIONS/ANSWERS" (answer) to the petition, which raised numerous affirmative defenses and asked the probate court to "den[y] and dismiss[]" the petition. The answer also denied that Sacramento County was the proper venue for the litigation, in part because respondent lived in Santa Cruz County.

Later, the probate court issued "Probate Notes" to the parties that stated, inter alia: "Trustee objects to Venue, venue alleged to be in Santa Cruz County"; and "Objection filed. For judicial determination on venue. [¶] Otherwise order parties to meet & confer." A minute order indicates that during a hearing at which the parties appeared remotely, the probate court found venue was improper in Sacramento County and dismissed the petition without prejudice.[1]

Plaintiff timely appealed.

DISCUSSION

In his opening brief, plaintiff—a licensed attorney who is representing himself—claims the probate court made two independent errors: (1) it dismissed the petition without prior notice that it was considering dismissal, and (2) it dismissed the petition instead of transferring it. Respondent, a layperson who is representing himself, argues (1) plaintiff had sufficient prior notice and (2) the probate court had no duty to transfer the matter.

---

[1] The probate court later signed an order to that effect. That signed order of dismissal is an appealable "judgment." (Code Civ. Proc., § 581d; *Roe v. Doe 1* (2023) 98 Cal.App.5th 965, 972; *City of Los Angeles v. City of Los Angeles Employment Relations Bd.* (2016) 7 Cal.App.5th 150, 156-157.)

We agree with plaintiff that the probate court erred, because even if plaintiff had sufficient notice that the probate court was considering dismissing the petition, dismissal *for improper venue* was incorrect. This conclusion makes it unnecessary for us to adjudicate the merits of the parties' arguments regarding notice.

I

*The Dismissal for Improper Venue Was Erroneous*

Plaintiff contends the probate court erred by dismissing the petition instead of transferring it pursuant Code of Civil Procedure[2] section 396b, subdivision (a), which applies here, because (1) the Probate Code is silent on what should happen when a probate action is commenced in the wrong county, and (2) the rules of practice applicable to civil matters apply if the Probate Code does not address an issue. He further contends that because the statute of limitations on his cause of action expired a few days after he filed the petition, the dismissal, though "without prejudice," makes it impossible for him to ever pursue his claims against respondent.

Respondent argues section 396b did not restrict the probate court's inherent authority and inherent discretion to dismiss the petition for improper venue in furtherance of "the orderly administration of [the] trust." We conclude the probate court erred because section 396b does not contemplate dismissal for improper venue.

A.   *Legal Background*

   1.   *Standard of Review*

Plaintiff's arguments raise questions of law, which we review de novo. (*Carne v. Worthington* (2016) 246 Cal.App.4th 548, 555-556.)

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

### 2.    *Statutory Scheme*

Probate Code section 17000 et seq. address jurisdiction and venue.  Probate Code section 17005 provides:  "(a) The proper county for commencement of a proceeding pursuant to this division is … the following:  [¶] (1) In the case of a living trust, the county where the principal place of administration of the trust is located."  And Probate Code section 17002, subdivision (a), defines the principal place of administration as "the usual place where the day-to-day activity of the trust is carried on by the trustee … who is primarily responsible for the administration of the trust."

The Probate Code does not articulate what should happen when a dispute regarding the proper venue arises in a case about a living trust.[3]  Thus, the procedural rules found in the Code of Civil Procedure apply in that situation.  (Prob. Code, § 1000, subd. (a)[4]; *Merrill v. Finberg* (1992) 4 Cal.App.4th 1443, 1447.)

Pursuant to section 396b, if a case is commenced in a court that has jurisdiction of the subject matter, it may be tried in that court "unless the defendant, at the time he or she answers, demurs, or moves to strike, or, at his or her option, without answering, demurring, or moving to strike and within the time otherwise allowed to respond … files … a notice of motion for an order transferring the action or proceeding to the proper

---

[3]  When the case involves a *testamentary* trust—which works in conjunction with a will and becomes effective upon the death of the trustor—the Probate Code contains provisions concerning the transfer of a matter to another county in the best interests of the estate.  (Prob. Code, § 17300 [testamentary trusts]; *id.*, § 17304, subd. (a) ["At any time after final distribution of the decedent's estate, a trust described in Section 17300 may be transferred to a different county in this state as provided in this section"]; *id.*, § 17304, subd. (c) ["If … it appears to the court that the transfer of jurisdiction to the county designated in the petition or to any other county in this state will be in the best interests of the estate, or that economical and convenient administration of the trust will be facilitated by the transfer, the court shall make an order transferring jurisdiction over the trust"].)

[4]  Relevant here, Probate Code section 1000, subdivision (a), provides:  "Except to the extent that this code provides applicable rules, the rules of practice applicable to civil actions … apply to, and constitute the rules of practice in, proceedings under this code."

4

court." (§ 396b, subd. (a).) And section 397 permits trial courts, on motion, to "change the place of trial" "[w]hen the court designated in the complaint is not the proper court." (§ 397, subd. (a).)

B.    *Analysis*

Though plaintiff points to certain provisions of the Probate Code as possible bases for the probate court's decision to dismiss the petition, respondent disagrees. And the probate court cited no authority for its dismissal in either the pertinent minute order or the later signed order. Thus, in the absence of any other information that might illuminate the basis of the dismissal,[5] we accept the parties' invitation to resolve this appeal by analyzing the issue in light of section 396b.[6]

Section 396b does not contemplate dismissing a matter for improper venue. No derivatives of the root word "dismiss" appear in the statute. By contrast, the word "transfer" and its derivatives appear six times in the statute. And section 396b, subdivision (a), specifically contemplates adjudication of a matter "notwithstanding" its commencement in the wrong county, so long as there is subject matter jurisdiction. Respondent, correctly, does not contend that the probate court lacked subject matter jurisdiction to adjudicate the instant dispute. (*People v. Remington* (1990) 217

---

[5]  The appellate record does not contain a reporter's transcript of the hearing at which the probate court determined venue was improper, and there is no settled statement. (See Cal. Rules of Court, rule 8.137(a) ["A settled statement is a summary of the superior court proceedings approved by the superior court"]; cf. *A.G. v. C.S.* (2016) 246 Cal.App.4th 1269, 1282 ["As a summarized narrative of what was said, a settled statement may not capture the judge's complete analysis of an issue of fact or law, even if the judge ruled from the bench"].)

[6]  See *Groch v. City of Berkeley* (1981) 118 Cal.App.3d 518, 522, fn. 5 ["adopt[ing] the contentions framed by the parties in their briefs as the issues on appeal," because the trial judge "failed to state [the] exact grounds for" the ruling at issue]; cf. *Martinez v. Kia Motors America, Inc.* (2011) 193 Cal.App.4th 187, 192 ["*As framed by the parties*, this appeal is limited to the question of whether ...." (italics added)].

Cal.App.3d 423, 428 ["The subject matter jurisdiction of every superior court in California embraces the entire State of California"]; see *Harnedy v. Whitty* (2003) 110 Cal.App.4th 1333, 1342-1345 [explaining that the concept of lack of subject matter jurisdiction is about " 'an entire absence of power to hear or determine the case,' " such as when a state court is asked to determine title to land located outside its territorial borders or adjudicate the marital status of people who are domiciled outside the state].) Accordingly, because it had subject matter jurisdiction, the probate court erred in dismissing the petition for improper venue. (See *Lipari v. Department of Motor Vehicles* (1993) 16 Cal.App.4th 667, 673 (*Lipari*) ["although the DMV may, upon timely motion, obtain a transfer of a petition that the driver filed in the wrong county (Code Civ. Proc., § 396b), it may not obtain a dismissal of the petition"; "[t]hus, the trial court erred in dismissing … [the] petition"].)

Respondent's arguments are not persuasive. Citing *Cottle v. Superior Court* (1992) 3 Cal.App.4th 1367, he contends the probate court retained the inherent authority to manage its docket by dismissing the petition for improper venue. Relatedly, he contends the probate court had the "inherent discretion to dismiss for improper venue" to promote "the orderly administration of [the] trust." This argument is unpersuasive, because *Cottle* is about a court's power to devise new procedures in the *absence* of statutes or rules that specify the proper procedure. (See *Daily Journal Corp. v. Superior Court* (1999) 20 Cal.4th 1117, 1129-1130 [describing *Cottle* as a case "involving the inherent power of the court to devise new procedures concerning hearings and evidence to help ensure efficient administration of the courts"].)

In *Cottle*, the appellate court reasoned that because courts have "inherent power to control litigation before them" (*Cottle v. Superior Court*, *supra*, 3 Cal.App.4th at p. 1377), they "have the power to fashion a new procedure in a complex litigation case to manage and control the case before them" (*id.* at p. 1380). Accordingly, the appellate court ruled that the trial court in the case "properly used [its] inherent powers to manage

6

the complex litigation case before [it]" to order the exclusion of certain evidence.  (*Id.* at p. 1381.)  The appellate court's analysis was based on authorities that recognize this inherent power exists in the *absence* of established rules that govern a given situation.  (See *id.* at p. 1377 [discussing one case's reasoning that " 'the inherent power' " that courts have " 'to create *new* forms of procedure in particular pending cases' " exists out of necessity when " ' "in the *absence of any previously established procedural rule*, rights would be lost or the court would be unable to function" ' " (italics added)]; *id.* at p. 1378 [discussing a second case's reasoning that courts " 'have inherent power … to adopt any suitable method of practice, both in ordinary actions and special proceedings, *if the procedure is not specified by statute or by rules* adopted by the Judicial Council' " (italics added)].)

Here, because section 396b was the applicable procedural rule, there was not an *absence* of an applicable rule.  Accordingly, respondent's reliance on *Cottle* for the proposition that the probate court had the inherent power to create a new procedure (i.e., dismissal for improper venue) in the absence of an applicable procedural rule is misplaced.  (See *Urshan v. Musicians' Credit Union* (2004) 120 Cal.App.4th 758, 767 ["a trial court's inherent power does not provide authority" to contravene proper statutory mandates of the Legislature].)

Respondent also argues that *Lipari*, *supra*, 16 Cal.App.4th 667 does not support reversal of the probate court because the opinion "did not announce a universal rule" that dismissal is improper whenever venue is incorrect.  The argument is inconsistent with basic principles of California common law.

Courts generally avoid sweeping pronouncements about the law, because the " 'holding of a decision is limited by the facts of the case being decided, notwithstanding the use of overly broad language by the court in stating … its holding or in its reasoning.' " (*Ulloa v. McMillin Real Estate & Mortgage, Inc.* (2007) 149 Cal.App.4th 333, 340.)  But a court's reasoning can be instructive and persuasive to other courts that

7

face *similar* situations. (See *Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 792 [explaining that while a decision from another jurisdiction was "of course, not binding," "its reasoning [was] instructive"]; *Katz v. Walkinshaw* (1903) 141 Cal. 116, 123-124 ["the common law by its own principles adapts itself to varying conditions, and modifies its own rules so as to serve the ends of justice under the different circumstances"; " '[i]f the reasons on which a law rests are overborne by opposing reasons, which, in the progress of society, gain controlling force, the old law … must cease to apply or to be a controlling principle to the new circumstances' "].)

Accordingly, the reasoning of *Lipari* is instructive here, even if the opinion did not announce a universal rule. Under section 396b, a trial court that has subject matter jurisdiction errs when it dismisses a matter for improper venue. (See *Lipari*, *supra*, 16 Cal.App.4th at p. 672 [discussing § 396b, and reasoning that even though a party filed a petition for writ of mandate "in the wrong county," if the pertinent statutory "residency requirement is not jurisdictional, the court erred in dismissing the petition"]; *id.* at p. 673 ["although the DMV may, upon timely motion, obtain a transfer of a petition that the driver filed in the wrong county (Code Civ. Proc., § 396b), it may not obtain a dismissal of the petition"; "[t]hus, the trial court erred in dismissing … [the] petition"].)

II

*We Decline to Adjudicate an Issue Raised in Plaintiff's Reply Brief*

Respondent contends in his appellate brief that another reason why the probate court did not err in dismissing the petition is that "[v]enue transfer … is a procedural mechanism that must be affirmatively invoked by a timely motion," and since "[n]either party" so moved in the probate court, section 396b does not compel transfer or restrict the probate court's inherent discretion to dismiss for improper venue. Plaintiff contends in his reply brief that, with this argument, respondent "raises a new issue" that supports plaintiff's position, because section 396b requires a noticed motion *by a defendant* to change venue. We decline to adjudicate the merits of this contention.

First, courts should not decide issues that they need not decide.  (*People v. Buza* (2018) 4 Cal.5th 658, 693 [" ' "if it is not necessary to decide more, it is necessary not to decide more" ' "].)  Plaintiff seeks reversal of the probate court's order dismissing the petition.  Our determination that the probate court erred in dismissing the petition because section 396b does not contemplate dismissal for improper venue affords plaintiff the relief he seeks.  We need not decide more.

Second, in the context of appellate briefing, the notion of a party raising a "new issue" generally arises when an *appellant* fails to raise an argument in the opening brief but then, after the respondent's brief is filed, raises it in the reply brief, depriving respondent of an opportunity to counter it.  (See *Feitelberg v. Credit Suisse First Boston, LLC* (2005) 134 Cal.App.4th 997, 1022 [Because " ' "[o]bvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant," ' " points raised in the reply brief for the first time " 'will not be considered, unless good reason is shown for failure to present them before' "].)  That notion does not apply to arguments made in a *respondent's* brief.

Plaintiff discussed section 396b throughout the opening brief, but he did not raise the discrete issue of the statute's requirement of a timely noticed motion by a defendant/respondent.  Accordingly, he is the party who is arguably raising a new issue.  And while we have discretion to consider a contention raised in the reply brief if the respondent has "fully briefed" it in the respondent's brief (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1051, fn. 11; *Jameson v. Desta* (2009) 179 Cal.App.4th 672, 674, fn. 1), respondent here has not fully briefed the issue.

We decline to adjudicate this issue raised in plaintiff's reply brief.

## DISPOSITION

The order dismissing the petition is reversed, and the matter is remanded for further proceedings consistent with this opinion.  Plaintiff is entitled to recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

/s/

BOULWARE EURIE, J.

We concur:

/s/

KRAUSE, Acting P. J.

/s/

MESIWALA, J.

10